UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| HUFF CONTRACTORS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-cv-98-TWP-WGH |
| ) | |
| GREAT WEST CASUALTY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ENTRY DENYING DEFENDANT'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

This matter is before the Court on Defendant Great West Casualty Company's ("Great West") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Filing No. 5). Plaintiff Huff Contractors, Inc. ("Huff"), brings this action for breach of an insurance contract. The Complaint states that Huff purchased a Workers Compensation and Employers Liability Insurance Policy from Great West (Filing No. 1-1 at pp 7-29). Huff alleges that when a particular claim was made, Great West breached the contract "by failing to properly investigate the claim and or properly and adequately defend the claim. Instead defendant set a large reserve for the claim and paid Mark Ridinger a large sum of money for his unsubstantiated claim." As a result of the breach, Huff's premium was increased substantially for the following year and, according to Huff, may continue to be increased in the future. Great West's Motion to Dismiss alleges that the Complaint does not state a plausible claim.

Specifically, Great West argues that under quoted policy language

> Great West has the right and duty to defend, investigate, and settle any claims that are payable under Indiana's worker's compensation laws. Further, Huff's rights under the policy are limited to assisting in the investigation, settlement, and defense of the claim only as Great West may request. The contract does not contain a provision whereby a claim can only be paid with the consent of Huff.

(Filing No. 6 at p. 3).

Great West argues that, under identical language, a court in Texas has concluded that the provision giving the insurer the right to settle any claims negated the existence of a contractual obligation to pay only valid claims. Great West's argument appears to be premised on Texas law and does not apply specifically to Indiana law.

Huff cites to two Indiana cases that generally stand for the proposition that "there is a legal duty implied in all insurance contracts that the insurer deal in good faith with its insured." *See Kimmel v. Western Reserve Life Assur. Co. of Ohio*, 627 F.3d 607, 612 (7th Cir. 2010), and *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 518 (Ind. 1993).

The Court believes that under Indiana law being applied to this case, Huff has pled a plausible claim. Whether or not these claims can survive summary judgment is a matter for another day. At this stage of the case however, the Court cannot say that there is no Indiana law which supports Huff's cause of action.

Accordingly, Great West's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Filing No. 5) is **DENIED**.

**SO ORDERED.**

Date: 6/3/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jennifer Jay Kalas
HINSHAW & CULBERTSON
jkalas@hinshawlaw.com

William Edward Jenner
JENNER, PATTISON, HENSLEY & WYNN, LLP
wjenner@wjennerlaw.net